WILLIAM SANDERS ET AL., Plaintiffs in Error, v. ST. LOUIS & NEW ORLEANS ANCHOR LINE, Defendant in Error.

St, Louis Court of Appeals, March 23, 1886.

APPELLATE JURISDICTION—CONCURRENT JURISDICTION OF SISTER STATES
  The supreme court has appellate jurisdiction of cases involving the question of the concurrent jurisdiction of this state and the state of Illinois, over the Mississippi river, and of the construction of a provision of the constitution of this state.

ERROR to the St. Louis Circuit Court, DANIEL DILLON, Judge.

*Transferred to the Supreme Court.*

LEWIS, P. J., delivered the opinion of the court.

The defendant is a common carrier by means of steamboats on the Mississippi river, and is charged in the petition with negligence, whereby the minor son of the female plaintiff was drowned from one of the defendant's boats, while lying "at a point in said river between the states of Missouri and Illinois, east of the main channel of said river, near the Illinois shore, and while said boat was lying at said Illinois shore." The defendant demurred to the petition for want of facts stated sufficient to constitute a cause of action, alleging that the wrong, if any, appeared to have been committed beyond the jurisdiction of this state. The demurrer was sustained, and the plaintiffs bring the cause to this court by writ of error.

The act of congress of March 6, 1820, admitting Missouri into the union as a state, fixed its eastern boundary as "down and following the course of the Mississippi river in the middle of the main channel thereof." Our state constitution (art. 1, sect. 1) ratifies and confirms

the boundaries declared in the act, and ordains in specific terms what appears as a *proviso* in the same act, to-wit: that "the state shall have concurrent jurisdiction on the river Mississippi and every other river bordering on the state, so far as the said rivers shall form a common boundary to this state and any other state or states." Does this constitutional provision mean that, notwithstanding the definition of its eastern boundary, the state shall have jurisdiction to hear and determine controversies concerning civil wrongs charged to have been committed at any point between the eastern and western shores of the river? The plaintiffs affirm that it does. The defendant denies. The solution of this question must determine whether or not the demurrer was properly sustained, and the question is, therefore, one of constitutional interpretation involved in the case. This fact, by the terms of article six, section twelve, of the state constitution, with the amendment thereto of the year 1884, and the act of the general assembly of March 18, 1885, deprived this court of any jurisdiction of this case. It becomes our duty under the last mentioned act (Sess. Acts, 1885, p. 121), to transfer and certify this cause to the supreme court for hearing and determination.

It is, therefore, so ordered, with the concurrence of all the judges.